## IN THE CIRCUIT COURT OF POPE COUNTY, ARKANSAS
### CIVIL DIVISION ✓

FILEMON RENDON and MARIA
RENDON, Parents and Next
Friend of Adrianna Rendon, A Minor;
and MARIA RENDON, Individually            **PLAINTIFFS**

VS                          NO. CV-2013-⎸27

STEPHEN K. PERRONE and
STEVENS TRANSPORT, INC.            **DEFENDANTS**

### COMPLAINT

Come the plaintiffs, by and through their attorneys, Laws Law Firm, P. A.,

and for their Complaint against defendants, state as follows:

1.    Plaintiffs are residents and citizens of Russellville, Pope County,

Arkansas.

2.    Defendant Stephen K. Perrone is believed to be a resident of Houston,

Texas.

3.    Defendant Stevens Transport, Inc., is a Texas corporation whose

registered office address is Post Office Box 279010, Dallas, Texas 75227-9610

and whose registered agent for service of process is Steven L. Aaron, 9757

Military Parkway, Dallas, Texas 75227.

4.    The motor vehicle collision out of which this cause of action arises

occurred in Conway, Faulkner County, Arkansas.



EXHIBIT

A

5.   Plaintiffs were, at the time of the said motor vehicle collision, residents of Russellville, Pope County, Arkansas.

6.   This court has jurisdiction over the parties and the subject matter of this action pursuant to Arkansas Code Annotated § 16-60-112(a) and (b).

7.   On Saturday, August 6, 2011, at approximately 3:25 p.m., the minor plaintiff, Adrianna Rendon, was a passenger in a 1999 Ford Expedition owned by Jose Mejia and driven by Jessie Mejia on Interstate 40 near Conway, in Faulkner County, Arkansas.

8.   At that approximate time and place the Mejia vehicle was in the left hand traffic lane proceeding east bound on Interstate 40 near Conway in Faulkner County, Arkansas.

9.   At that same time, separate defendant Stephen Perrone was driving a 2012 Peterbilt Tractor owned by his employer, separate defendant Stevens Transport, Inc., and was also proceeding east bound on the same interstate highway in the right hand traffic lane.

10.   At this point and time, separate defendant, Stephen Perrone, carelessly and negligently, and without warning, drove his vehicle from the right traffic lane into the left traffic lane and struck the Mejia vehicle.

11.     That the force of the impact caused the Mejia vehicle to swerve into the grass median, re-enter the highway, exit the highway a second time into the median, and then overturn several times, ejecting plaintiff Adrianna Rendon from the vehicle, causing the damages hereinafter set forth.

12.     The sole and proximate cause of the motor vehicle collision described above was the negligence of the defendant, Stephen K. Perrone.

13.     The negligence of Stephen K. Perrone consisted of, but is not limited to, the following:

(a)     In failing to maintain a proper lookout for other vehicles lawfully on the highway;

(b)     In operating his motor vehicle at a high, dangerous and excessive rate of speed under the circumstances then and there existing;

(c)     In failing to reduce speed to avoid a collision;

(d)     In failing to observe due care and precaution and to maintain proper and adequate control of his motor vehicle;

(e)     In driving his vehicle in a careless and prohibitive manner;

(f)     In failing to yield right of way to plaintiff's vehicle and in driving his vehicle into plaintiff's vehicles lane of traffic;

(g)    In otherwise failing to exercise ordinary and reasonable care under
the circumstances;

(h)    In failing to obey the "Rules of the Road";

(i)    In other respects not now known to plaintiffs, but which may become
known prior to or at the time of trial.

14.    As a result of the negligence of the defendant as set forth above, the
minor plaintiff, Adrianna Rendon, suffered:

(a)    serious, painful and permanent bodily injuries;

(b)    great physical pain and mental anguish, past and future;

( c)    severe and substantial emotional distress, past and future;

(d)    injuries to her neck, back, head, legs, and to her body as a whole,
including multiple pelvic fractures, and suffered contusions and
soreness to her body;

(e)    was required to undergo medical treatment, and to incur medical costs
and expenses in order to alleviate her injuries, pain and suffering;

(f)    has incurred medical expenses and will continue to incur medical
expenses in the future;

(g)    was, is and will be precluded from engaging in normal activities and

Page 4
Complaint - Rendon v. Perrone Etal

pursuits without physical limitations and pain and suffering.

15.  For all of which, plaintiffs are entitled to recover compensatory damages in an amount in excess of that required for Federal Court jurisdiction in diversity of citizenship cases.

16.  As a result of the negligence of the defendant as set forth above, the minor plaintiff, Adrianna Rendon, was hospitalized and completely incapacitated. She was unable to care for herself, was totally dependent upon others for her every need, and had to undergo daily dressing changes.

17.  Plaintiff Maria Rendon, mother of Adrianna Rendon, was Adrianna's primary caregiver during this period of time.  In order to do so and to care for her daughter, she was forced to take leave from her employment and she incurred lost wages as a result thereof.  Plaintiff Maria Rendon should be compensated for the value of her lost wages.

18.  As the sole and proximate result of the negligence of the defendant as set forth above, plaintiffs, Filemon and Maria Rendon, have incurred medical expenses for their minor child, Adrianna Rendon, and will continue to incur medical expenses for her in the future.

19.  As a further direct and proximate result of the negligence of the

defendant as set forth above, plaintiffs have incurred lost wages and mileage expenses in traveling to and from medical treatments and will continue to incur such expenses in the future.

20.   At all times relevant herein, the defendant, Stephen K. Perrone, was an employee of Stevens Transport, Inc., and was acting within the course of and within the scope of his employment with Stevens Transport, Inc., and in furtherance of his employer's business, and all acts and omissions of Stephen K. Perrone are imputed to the defendant, Stevens Transport, Inc. by virtue of the doctrine of respondeat superior.

21.   Plaintiffs request a trial by jury.

WHEREFORE, Premises Considered, plaintiffs pray that they have judgment against the defendants, Stephen K. Perrone and Stevens Transport, Inc., jointly and severally, in an amount exceeding that required for Federal Court jurisdiction in diversity of citizenship cases, for trial by jury, for all costs, and all other just and proper relief.

RESPECTFULLY SUBMITTED,

FILEMON RENDON and MARIA
RENDON, Parents and Next Friends of
ADRIANNA RENDON, A Minor, and
MARIA RENDON, Individually,

PLAINTIFFS

BY: _____

    HUGH R. LAWS
    Arkansas Bar No. 88129

LAWS LAW FIRM, P. A.
Attorneys at Law
Post Office Box 3000
Russellville, Arkansas 72811
PH: 479-968-1168
FAX:  479-968-5590
Email: hlaws@lawslawfirm.com